May it please the Court, my name is Karen Berkowitz, Oregon Law Center for Appellant Barbara Boose. I just want to make a couple of points here. Primarily, the ADA created two separate authorities for rulemaking. One was Department of Justice and one was Department of Transportation. And it gave broad rulemaking authority to both of them. Now, the Department of Transportation had two rules that I want to emphasize here. One was the ADA regulation 49 CFR 37.21 that said all entities, public and private, who provide transportation services may have to follow the Department of Justice general rules for disability discrimination. And the other one was the Rehabilitation Act regulation 49 CFR 27.19. And that's worded even more strongly. That says you shall follow the DOJ general nondiscrimination rules. Now, these regs, since they're promulgated pursuant to DOT's rulemaking authority, are entitled to Chevron deference. And I think the rules are clear on that. Scalia. Well, we don't give Chevron deference to something that disagrees with the statute, do we? Berkowitz. I don't think it disagrees with the statute, Your Honor, because the statute gives general rulemaking authority. It says you get to make rules about transportation. And the agency chose to say if you're providing transportation services, you are going to follow Department of Justice rules as well. So it's not Well, but just a minute. We are really interpreting the language of Part A, and we're interpreting the language of Part B, and we're interpreting whether the Part B language, Part B language, whether that's going to be, or excuse me, whether the Secretary of Transportation under these two statutes has, in fact, adopted what the Department of Justice has suggested, correct? That's correct. And we're really talking here about whether there was a plan under the Department of Transportation, aren't we? Under the Department of Transportation's act, or the acts, the parts of the act that deal with them, the applicant had to have a plan. The Tri-County Metropolitan Transportation District of Oregon had to have a plan, and the plan was affirmed. And they went forth with a plan, right? That's correct. And so at this point, what you're suggesting, as I understand it, is that even though they had a plan, and even though these, what you would suggest they needed to do, was not a part of the plan, that the regulations under the Department of Justice would one-up the plan. Isn't that what you're really suggesting? No. I'm suggesting that the Department of Transportation chose to incorporate Department of Justice rules by saying you shall follow them. Well, but if that's so, let's look at 49 C.F.R. Part 37, Appendix D. Under 49 C.F.R. Part 37, Appendix D, it says, Virtually all the entities covered by 37.21 are also covered by DOJ rules, either under 28 C.F.R. Part 36 or under Part 35, as operators of places of public accommodation. Both sets of rules apply. One does not override the other. The DOT rules, with no reasonable modification requirement as to paratransit, apply only to the entity's transportation facilities, vehicles, or services. And the DOJ rules of general applicability may cover the entity's activities more broadly. For example, if a public entity operates a transit system and a zoo, DOT's coverage would stop at the transit system's edge, while DOJ's rule would cover the zoo as well. Doesn't that really say what we're really in right here? We're in a public transportation system. They did not apply the DOJ's regulations. They're not running a zoo. They're running the system, and therefore the DOJ's regulations do not apply. I think what this says, it says both sets of rules apply. Well, but it doesn't. It says they don't override each other, but they say the rules with no reasonable modification requirement as to paratransit, which is exactly where we are here, apply only to the entity's transportation facilities. But the DOJ rules may cover activities more broadly, and then they put it right in perspective. So there we've got the regulation, and we've got exactly what the facility would have us suggest. But let's look at the exact wording of the regulation. It says 37.21c says, Entities to which this part applies may also be subject to ADA regulations of the Department of Justice, and cites Parts 35 or 36. And then the most important part is the provisions of this part shall be interpreted in a manner that will make them consistent with applicable Department of Justice regulations. It's only if there's an inconsistency that DOT, you know, specific regulations dealing with the paratransit plan would trump. And I think that's where we have to look, is to look at. Well, counsel, I'm looking at Judge Jolly's opinion in the Melton case out of the Fifth Circuit, and he specifically points us to 28 CFR 35.102b and says it cannot be ignored. And this is what that provision says. To the extent that public transportation services, programs, activities are covered by Subtitle B of Title II of ADA, they are not subject to the requirements of this part. What do you make of that? Well, you know, I actually think that this rule exceeds the authority of DOJ because the statute just says you have rulemaking authority over general discrimination. And it says, Department of Transportation, you have rulemaking authority over public transportation services, facilities, vehicles, et cetera. But it doesn't say that you can't follow it. It doesn't ever say that Department of Transportation can't choose to make transit providers subject to DOJ rules. There's a difference between the rulemaking authority, who's going to make those specific rules. Okay, but with respect to this case, DOT has not made such a choice, has it? They have. They have in those two regulations. In the Prehab Act regulation, that says you shall follow the ADA Title Part A regs. I mean, it's real specific. Wait a minute. Are we talking about DOJ or DOT here? DOJ, the DOT reg 49 CFR 27.19 says you shall follow DOJ regs. And that's at once DOT says that, and it's pursuant to their authority to make rules for public transportation, then it becomes a DOT rule. You know, they have the authority to incorporate general non-discrimination rules without rewriting the whole thing themselves, which I think is what happened here. Now, the problem is if there's a conflict between the two rules, and I think the way the Court went and the way Melton went is they're finding some safe harbor or some preemption. They're saying, well, as long as you have rules for transportation, that's it. You occupy the field. And there's no authority for that. There's a statute that allows DOT to say, you know, yeah, you follow our regulations, but you also follow those other regulations. So you're saying the Fifth Circuit misread the statute and the regulations here? I think they did. I think they didn't – first of all, they didn't even look or cite 49 CFR 27.19, the 504 Department of Transportation Regulation, that says you shall follow the DOJ rules. But it is true, is it not, that the DOJ has the authority to pass anti-discrimination regulations? Yes. And they have, in fact, passed anti-discrimination regulations in the past. But they've never adopted a reasonable modification requirement. Well, actually, it is in there. I just stumbled on it. Are we talking about the anti-discrimination modification – or the reasonable modification requirement that was in proposed regulations? Or are we talking about something they've done? It's actually in there. It's in 37. Counsel, could I ask you to stay close – or bring the mic closer to you, if that's necessary, so we can be sure and get it on the tape? It's actually in 37.5F, but only – it only mentions private entities, and it specifically talks about reasonable modification. But that isn't applicable in this case. It isn't. And it's interesting. I have – you know, I question why they would just have a specific regulation for private entities versus everyone, because, really, the whole scheme doesn't distinguish between private and public entities. And the end result of that examination is that if they know enough to put it in for private entities, and they don't put it in when they have the power to in the public entities, and have been given this difference, that would lead us in the opposite result, wouldn't it? I don't think so, because you still have these two regulations. You have 37.21 and 27.19. That's – that just wholesale says you're going to follow the DOJ nondiscrimination regulations. So there's really no need to do anything more. And, you know, the notice of proposed rulemaking in 2006 that I cited, I think there's been a lot of misunderstanding about it. What I cited it for is the agency's discussion of the current law. They clearly say, you know, we don't agree with Melton, you know, and this is not how we interpret our own regulations. And that's entitled to our deference. There's no – Where is this recital that they don't agree with Melton? It's actually in the notice of proposed rulemaking. But it's proposed rulemaking. But it's not – but it's a description of the current rules. And they're specifically citing 37.21. They're saying, we think 37.21 says that, that you follow the DOJ rules. And we assumed that that included reasonable modification. Now, if you look at – there was a 2005 origins destination guidance that was cited. And that also talks about, yes, you have a plan, origins destination, you can choose curb-to-curb service, but you still may have to modify to accommodate individuals' disabilities. So they've been applying that. It's not just in the notice of proposed rulemaking's discussion of current existing rules, but it's also in the 2005 guidance. Is the notice of a rulemaking of any value if the rule's never adopted, even though it's talking about this notice, what whoever wrote the notice says is the existing law? Well, I think our deference allows the Court to defer to any policy statement of the agency in the fact, if it had just talked about the proposed rules that haven't happened yet, it would be one thing. But what they're talking about is already existing rules. And I think you have to separate out the meaning of that notice of proposed rulemaking between this is an articulation of current law, and then they go on to say, well, we just want to clarify it and nail it down, so we're proposing these rules. Well, wouldn't it be better if you made a general policy in some letter or some determination outside of making a notice what you're going to do in the future that never gets put together, so we'd know what deference we ought to give it? It would be wonderful if they did that. They didn't. The closest we have is the notice of proposed rulemaking and the origins destination guidance that clearly talks about modification of services. So I think I'd like to reserve my 37 seconds. Roberts. You may do so, counsel. We will hear from TriMet. Good morning, Your Honors. May it please the Court. Keith Garza for Appellee Tri-County Metropolitan Transportation District of Oregon. I think a lot of paper has been used in briefing this case, and I thank the Court for the opportunity to submit a supplemental brief before argument. I only have three things, three subjects I want to talk briefly about. Opposing counsel mentioned 37.5F as something she stumbled upon before argument. We probably stumbled over it about the same time. In preparing for this morning, I as well noted 37.5F. The regulation has been cited, it was cited in plaintiff's opening brief at a number of different pages, and it is in the addendum to plaintiff's opening brief at page 16. But that regulation has subsections A through H, and each one of those subsections talks about, with one exception, talks about an entity. But 37.5F talks about private entities that are primarily engaged in the business of transporting people and whose operations affect commerce, shall not discriminate on the basis of disability, et cetera, making reasonable modifications. So there clearly is a reasonable modification requirement with respect to private entities. And to answer the question But your argument is it doesn't apply to TRIMET because it's public. Is that your argument? Yes, sir. And to go even one step further than that, to answer the question, well, why would DOT have a reasonable modification requirement with respect to private entities? And I take it by this, DOT is referring to ferries or airport shuttles or perhaps taxi service, some kind of private common carrier of passengers. But I think the answer to that is, well, there's a reason why private carriers need to make reasonable accommodations and public ones don't, because public carriers have to have a paratransit program. That is the accommodation that public carriers have to provide. The plan. Exactly. And for all the reasons that the Fifth Circuit and Melton described, compliance with the DOT's estimation. With respect to the disability guidance that was referred to, I think it's important to remember, and we addressed this in our final brief to the court, exactly what the Disability Coordinating Council is and whether or not it should be accorded any particular deference or respect because of the position that it occupies. But I think more importantly is the fact that that disability guidance was issued in September of 2005. The notice of proposed rulemaking that contains former Secretary Mineta's commentary came out in February of 06. And in fact, that NPRM specifically refers to the disability guidance. In other words, this is all part, the inference would be, of Secretary Mineta's attempt to the proposed rule that he had. And so I think that, you know, when you start looking at whether to accord agency interpretation of its own regulations deference, you really need to look at the quality and the source of the interpretation. And the Supreme Court in our said, well sure, you know, we're going to give deference to an agency when it says, well this is what we meant when we said it. But in Christensen, the Supreme Court said, now wait a second, we're only going to afford that kind of deference if the regulations that you're purporting to interpret are themselves ambiguous. Here there's no ambiguity. And finally, on the best day of our deference, it has to be, and this is Justice, I hope I get this correct, I think this was Justice Scalia in our saying that we're still not going to afford deference if the agency interpretation of its own regulation was plainly erroneous or inconsistent with the regulation itself. And here when you look at 37.5F that we both just talked about, it makes it pretty clear what was already otherwise apparent, the DOT regs do not have a reasonable accommodation requirement that applies to public bodies. Paratransit is the accommodation and for then Secretary Mineta to say otherwise is simply not entitled to deference. I have no questions.  Thank you, Your Honor. Thank you, counsel. You have just a little time, counsel. I think all I wanted to point out is that there is no safe harbor provision that says the plan is the be-all and end-all. There is for facilities related to public transportation, but not with regard to paratransit services at all. So I think it would be erroneous to imply that there is some kind of safe harbor in just having a plan and complying with the plan. That reminds me of the George case. That's exactly right. Thank you. Thank you, counsel. The case just argued will be submitted.
judges: Whyte, O'scannlain, Smith M.